**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DOROTHY ABNER, ET AL.**                                                **PLAINTIFFS**

**v.**                                      **CIVIL ACTION NO. 2:14cv63-KS-MTP**

**HERCULES, INC.**                                                  **DEFENDANT**

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court *sua sponte* for case management purposes upon the failure of certain Plaintiffs to comply with the *Lone Pine* Case Management Order [36] and on the Motion For Leave to Withdraw as Attorney [104] filed by Plaintiffs' counsel. For the reasons which follow, the undersigned recommends that the claims of those Plaintiffs who have not complied with the Case Management Order [36] be dismissed with prejudice and that the Motion for Leave to Withdraw [104] be denied.

The Court has outlined the underlying facts of this case, as well as the case management process, on several occasions. In short, approximately 400 Plaintiffs owning nearly 500 parcels of properties contend that dozens of contaminants from the Defendant's facility migrated onto their properties. On November 10, 2014, this Court granted Defendant's Motion for Entry of a *Lone Pine*[1] Case Management Order.[2] The *Lone Pine* CMO required, *inter alia*, the Plaintiffs to serve upon the Defendant expert affidavits demonstrating that each of their properties, and migration pathways, had been sampled and constituents from the Defendant's site were found.[3]

---

[1] *Lore v. Lone Pine Corp.*, 1986 WL 637507 (N.J. Sup. Ct. Law Div. Nov. 18, 1986).
[2] See Order [35]
[3] *See* Case Management Order No. 1 ("*Lone Pine* CMO") [36].

1

Compliance with the order was due sixth months after its entry, or by May 11, 2015.[4]

Two weeks after the entry of the *Lone Pine* Case Management Order ("CMO"), the Plaintiffs filed a Motion [37] to modify the Order, in which they requested, *inter alia*, that they be allowed to provide other evidence of causation apart from migration pathways, as well as additional time to comply with the *Lone Pine* CMO. The Court held that Plaintiffs were free to confirm the existence of a "migration pathway from the Hercules site to the property, or other cause," and permitted the Plaintiffs to access discovery materials from a related case, *City of Hattiesburg v. Hercules, Inc.*, No. 2:13-CV-208-KS-MTP.[5] The Plaintiffs' request to extend the deadline for compliance with the *Lone Pine* CMO was denied.

Plaintiffs filed their Motion to Confirm Compliance with the *Lone Pine* CMO on May 11, 2015, in which they requested the Court to either (1) confirm their compliance with the Case Management Order and proceed with the subset of Plaintiffs whose properties have already been tested; or (2) afford Plaintiffs additional time to complete the requirements of the CMO "while simultaneously proceeding on the merits" as to a subset of Plaintiffs.[6] By Order [47], the Court extended the deadline to comply with the requirements of the *Lone Pine* CMO by an additional six months, until December 1, 2015. All other relief requested in the Motion [43] was denied.

On August 17, 2015, Plaintiffs filed a Motion for Reconsideration of the Court's Order [47],[7] which was denied by the Court on November 17, 2015.[8] Soon thereafter, Plaintiffs filed a Motion for Review of magistrate judge Order [62], which was denied by the district judge on

---

[4] *Id.*
[5] *See* Order [42] at 2.
[6] *See* Motion [43] at 3.
[7] *See* Motion [48].
[8] *See* Order [60].

January 13, 2016.[9]

Following the denial of the Plaintiffs' Motion [62], the Court set an in person case management conference. After the conference, the Court issued an order that allowed a subset of Plaintiffs whom had complied with the *Lone Pine* CMO to proceed with their claims.[10] Additionally, the remaining Plaintiffs who had not complied with the *Lone Pine* CMO requested additional time to comply with the Order. The Court reiterated the requirements of the order and gave the Plaintiffs who had not yet complied until September 9, 2016, to comply by serving the expert affidavits on the Defendant demonstrating that for each for their properties:

    a. The property and the alleged migration pathway has been sampled by a qualified expert;

    b. The samples have been analyzed by a qualified laboratory;

    c. Lab analysis detected constituents that have been detected on the Hercules site;

    d. Lab analysis confirmed the existence of a migration pathway from the Hercules site to the property, or other cause; and

    e. Plaintiffs may submit other forms of evidence supporting their assertion that contaminants on their properties originated from the Hercules site, but will still be required to state whether lab analysis of the property and any alleged pathway did or did not detect constituents that have been detected on the Hercules site.

The Court warned that those Plaintiffs who failed to comply with the *Lone Pine* CMO on or before September 9, 2016, or who failed to find constituents on their properties, may be subject to dismissal without further notice.[11] Two hundred and forty-eight (248) Plaintiffs failed to comply with the *Lone Pine* CMO, even after multiple extensions of time were granted. The

---

[9] *See* Order [73].
[10] See Order [75] at 4.
[11] *Id.*

undersigned recommends that the claims of these Plaintiffs ("non-compliant Plaintiffs") be dismissed with prejudice.

## NON-COMPLIANCE WITH THE *LONE PINE* CMO

### *Applicable Law*

"[I]t is not too much to ask a plaintiff to provide some kind of evidence to support their claim that [a Defendant] caused them [] injury." *In re Vioxx Prod. Liab. Litig.*, 388 F. App'x 391, 397 (5th Cir. 2010) (citations omitted). *Lone Pine* orders derive from a 1986 New Jersey Superior Court decision, where the court entered a pretrial order requiring the plaintiffs to provide facts in support of their claims through expert reports. *Lore v. Lone Pine Corp.*, 1986 WL 637507 (N.J. Sup. Ct. Law Div. Nov. 18, 1986). The United States Court of Appeals for the Fifth Circuit has noted that "*Lone Pine* orders are designed to handle the complex issues and potential burdens of defendants and the court in mass tort litigation." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). While no federal rule expressly authorizes *Lone Pine* orders, multiple courts have interpreted Federal Rule of Civil Procedure 16 to confer such authority to courts in complex litigation. *See McManaway v. KBR, Inc.*, 265 F.R.D. 384, 384 (S.D. Ind. 2009) ("*Lone Pine* orders are permitted by Rule 16(c)(2)(L) of the Federal Rules of Civil Procedure which provides that a court may take several actions during a pretrial conference, including 'adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems.'").

In *Acuna*, a Fifth Circuit case much like this one, over 1,000 plaintiffs brought personal injury claims allegedly arising from uranium mining activities. The district court issued

4

pre-discovery *Lone Pine* orders that required plaintiffs to provide expert affidavits specifying the injuries suffered by each plaintiff, the substances causing the injury, the dates and circumstances of exposure to the injurious materials, and the scientific and medical bases for the expert's opinions. *Acuna*, 200 F.3d at 338. Plaintiffs submitted over one thousand affidavits and "[t]he magistrate judge found that the affidavits did not comply" with the *Lone Pine* Order in that case. *Id.* The Plaintiffs submitted further affidavits, and "[t]he magistrate judge found that these additional affidavits still failed to meet the specificity requirements of the order and recommended that the case be dismissed." *Id.*

The district court adopted the report and recommendation of the magistrate judge and dismissed plaintiffs' claims with prejudice for failure to comply with the *Lone Pine* order. *Id*. at 340. On appeal, plaintiffs challenged the *Lone Pine* order as imposing too high a burden at too early a stage in the litigation. *Id.* This Fifth Circuit stated that "[i]n the federal courts, such orders are issued under the wide discretion afforded district judges over the management of discovery under Fed. R. Civ. P. 16." *Id.*   The court then held that the *Lone Pine* orders

> essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed. R. Civ. P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries.

*Id.* The Fifth Circuit concluded that the district court did not commit an abuse of discretion by dismissing plaintiffs' claims for failure to comply with the *Lone Pine* order. *Id.* at 341.

The affidavit requirement in the *Lone Pine* CMO in the instant case "ensures that Plaintiffs possess the minimum factual basis for their claims necessary to justify allowing full scale discovery to proceed, and to give Defendant[] a fair indication of the nature of those claims

5

to permit discovery to be reasonably focused."[12] The affidavits require the minimum amount of information that each Plaintiffs should have possessed before commencing this lawsuit, as mandated by the factual investigation requirement of Rule 11. *See* Fed.R.Civ.P. 11(b)(3) (attorney who signs and files a complaint or other pleading certifies that, to the best of his knowledge, formed after reasonable inquiry under the circumstances, "the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.").

Here, as in *Acuna,* 248 Plaintiffs have not complied with the *Lone Pine* CMO, and many have not submitted *any* affidavit about their individual properties.[13] The Court has afforded these non-compliant Plaintiffs an extraordinary amount of time to comply with the *Lone Pine* CMO. It has been over two years since the original entry of the *Lone Pine* CMO, and as outlined above, the Court has given the Plaintiffs multiple extensions of time to comply. These non-compliant Plaintiffs do not warrant any additional consideration beyond that which the Court has afforded to other Plaintiffs also subject to the same CMO. *See Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987) (pattern of delay by Plaintiff over two years in the face of warnings of dismissal justifies the dismissal with prejudice entered by the district court.). Accordingly, the undersigned recommends that the non-compliant Plaintiffs' claims be dismissed with prejudice.

---

[12] *Acuna v. Brown & Root, Inc.*, No. SA-96-CA-543-OG, 1998 WL 35283824, at *5 (W.D. Tex. Sept. 30, 1998).

[13] There are two types of non-compliant Plaintiffs: (1) those who tested their properties, but tested negative for constituents, (2) and those who did not test their individual properties at all. The Plaintiffs contend that those properties that tested non-detect for constituents need additional

*Authority for Dismissal with Prejudice*

Federal Rule of Civil Procedure 16(f)(1)(C) provides that if a party fails to obey a scheduling order, the Court may "on motion or on its own. . .issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."[14] Dismissal of this "action or proceeding in whole or in part" is available as a sanction for Plaintiffs' failure to comply with the discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Furthermore, Federal Rule of Civil Procedure 41(b) provides the Court with authority to "dismiss the action" "if the plaintiff fails to prosecute or to comply with these rules or a court order." The undersigned finds that a dismissal *with prejudice* is warranted for those Plaintiffs who have failed to comply with the *Lone Pine* CMO.

The Fifth Circuit has explained that:

> [it] has limited district courts' discretion to dismiss claims with prejudice. *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986). A district court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir.1981)(quoting *Durham v. Fla. East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir.1967), and *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir.1970)).[15] Additionally, where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to

---

testing to satisfy the *Lone Pine* CMO. *See* Response [108] 4-5.

[14] Under Fed. Rule Civ. Pro. 26(a)(6), the Count also has the authority to require expert disclosures "at the times and in the sequence that the court orders." The Court did not require Plaintiffs to "provide expert reports sufficient to survive a *Dauber*t challenge or even provide an expert who will testify at trial. Rather, the Court [] require[ed] Plaintiffs to make a minimal showing consistent with Rule 26 that there is some kind of scientific basis" for their claims. *In re Vioxx*, 557 F.Supp. 2d at 744.

[15] Dismissal of claims with prejudice under both Federal Rules of Civil Procedure 16 and 41 require that there is a clear record of delay or contumacious conduct by the plaintiff and a lesser sanction would not serve the interests of justice. *See Bann v. Ingram Micro, Inc.,* 108 F.3d 625, 627 (5th Cir. 1997)*; see also Gray,* 634 F.2d at 227.

7

>the defendant; or (3) delay caused by intentional conduct." *McGlathery*, 792 F.2d at 474.

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). Numerous courts have dismissed claims with prejudice for plaintiffs' failures to comply with a *Lone Pine* Order. *See, e.g.*, *In re Vioxx Prods. Liability Litig.*, 452 Fed. Appx. 500 (5th Cir. 2011); *In re Vioxx Prods. Liability Litig.*, 388 Fed. Appx. 391 (5th Cir. 2010); *Acuna v. Brown & Root Inc.*, 200 F.3d 335 (5th Cir. 2000); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2016 WL 614690 (E.D. La. Feb. 16, 2016); *Baker v. Chevron USA, Inc.*, 2007 WL 315346 (S.D. Ohio Jan. 30, 2007).

**A Clear Record of Delay**

First, as outlined above, there has been a clear record of delay by the non-compliant Plaintiffs. They have had multiple opportunities to comply with the *Lone Pine* CMO [36], and were afforded multiple extensions of time. The Plaintiffs were warned many times that if they did not comply with the Order their claims could be dismissed. *See, e.g,* Orders [36] and [75].

The original deadline for serving expert affidavits on the Defendant was May 15, 2015.[16] When many Plaintiffs did not comply, the Court extended the deadline to December 1, 2015.[17] After many Plaintiffs did not comply with that second deadline, the Court once again extended the deadline to September 9, 2016. The non-compliant Plaintiffs were given 483 days past the original deadline to comply with the *Lone Pine* CMO [36].

**Delay Caused by Intentional Conduct**

---

[16] Order [36] at 1.
[17] *See* Order [47].

Despite numerous orders directing them to do so, the non-compliant Plaintiffs have not tested their properties or will not test them further to show some contamination of their properties. They claim that the cost of collecting and analyzing samples from all the individual properties at this stage in the litigation is too expensive. *See* Response [108]. Additionally, as explained further below, non-compliant Plaintiffs were warned in a letter from counsel that if they did not share in the expenses of testing or seek new counsel to assist them in having their property tested that their claims could be dismissed. *See* [108] at 3. No Plaintiff warned by this letter has come forward with new counsel or has come forward with evidence that their property has been tested. The decision not to test or to comply with Court orders favors dismissal with prejudice. *See Acuna*, 200 F.3d at 340-41 (affirming district court's dismissal of Plaintiffs' claims with prejudice for failure to comply with *Lone Pine* order when Plaintiffs argued that "pre-discovery orders requiring expert support for the details of each plaintiff's claim imposed too high a burden for that stage of litigation.").

**Delay Caused by Plaintiffs**

The undersigned finds that the delays were at least partially caused by the Plaintiffs themselves, and not their attorneys. *See Rogers*, 669 F.2d at 321 (5th Cir. 1982) ("Several . . . affirmances of . . . dismissals with prejudice involved cases where the clear records of delay were directly attributable to the plaintiffs themselves."). Plaintiffs' counsel claims that non-compliant Plaintiffs do not have the resources to conduct an environmental investigation and have "rel[ied] on their attorney and experts [for the testing process]. To any extent there is any delay at all in the investigation of these claims, the Plaintiffs themselves had nothing to do with it." *See* [111] at 6. Defendant argues that this is negated by the fact that these non-compliant

9

Plaintiffs were told by their counsel in a letter[18] of April 2016, before the September 2016 *Lone Pine* deadline, that counsel planned to withdraw as attorneys for the non-compliant Plaintiffs and that Plaintiffs should assist in paying for the testing or that they should seek other counsel that might pay for the testing. *See* [109] at 5; [108] at 7-8; [104] at 4. Even after receiving this letter, not one of these non-compliant Plaintiffs complied with the *Lone Pine* CMO.

Even those Plaintiffs whose properties tested negative for constituents now claim that they need to do more testing to show that they have chemicals on their property.[19] However, these Plaintiffs do not designate when and where they might have their property tested further, nor have they come forward with any additional testing. The Court has given these non-compliant Plaintiffs sufficient time to comply with the *Lone Pine* CMO. As the delay was at least partially caused by the Plaintiffs themselves, this factor also favors dismissal with prejudice. *See McGlathery*, 792 F.2d at 474.

**Lesser Sanction Would Not Be Effective**

Non-compliant Plaintiffs were directed to comply with the *Lone Pine* CMO and were advised multiple times that the failure to comply would result in dismissal. *See Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)(In many Fifth Circuit cases affirming dismissal with prejudice "lesser sanctions were imposed to no avail before the district court dismissed with prejudice" including warnings.)(collecting cases); *Ramsay v. Bailey*, 531 F.2d 706, 709 (5th Cir.

---

[18] This letter was also sent to those non-compliant Plaintiffs who had their property tested, but the properties were non-detect for constituents. Those Plaintiffs were told that additional testing was necessary to maintain their claims. However, these Plaintiffs did not act to further test their property to attempt to comply with the *Lone Pine* CMO. *See* [108] at 4.

[19] These Plaintiffs were informed by their attorneys in April 2016 that "additional testing was required to maintain their claims" and to comply with the September 9, 2016, Lone Pine CMO deadline. *See* [108] at 4-5.

1976)(repeated warnings that dismissal would result from continued failure to proceed properly). At this point, a lesser sanction would be ineffective and would not serve the interest of justice as the Court has given these Plaintiffs ample opportunity to comply. Any sanction short of dismissal after Plaintiffs' defiance of the *Lone Pine* CMO would demonstrate that the "*Lone Pine* order has no teeth." *See In re Vioxx Prod. Liab. Litig.*, No. 05-4991, 2012 WL 1398622, at *4 (E.D. La. Apr. 23, 2012); *see also, S.E.C. v. First Houston Capital Res. Fund, Inc.*, 979 F.2d 380, 383 (5th Cir. 1992)(Courts should "contemplate less drastic measures" before a dismissal.)

"The presence of [only] one aggravating factor, along with the record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice." *Price,* 792 F.2d at 475. Here, as noted above, multiple aggravating factors are present. A dismissal without prejudice at this point would just be "kicking the can down the road." The undersigned recommends that the non-compliant Plaintiffs' claims be dismissed with prejudice.

## **MOTION FOR LEAVE TO WITHDRAW**

Should the Court adopt this report and recommendation it appears the Motion to Withdraw [104] would be moot. However, if not rendered moot by a dismissal of the non-compliant Plaintiffs' claims, the undersigned recommends that Plaintiffs' counsel's Motion to Withdraw [104] be denied.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir.1989); *see also* L.U.Civ.R. 83.1(b)(3) ("When an attorney enters an appearance in a civil action, he or she shall remain as counsel of record until released by formal order of the court. An

attorney may be released only on motion duly noticed to all parties, including the client, and presented to the district judge or magistrate judge to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal."). The determination of whether to grant an attorney's motion to withdraw is a "matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *In re Wynn*, 889 F.2d at 646 (quoting *Streetman v. Lynaugh*, 674 F.Supp. 229, 234 (E.D.Tex.1987)).

In the Motion, John M. Johnson, Adam K. Peck, William S. Cox, III, W. Larkin Radney IV, Clinton T. Speegle, Winston J. Thompson, III, Nichon Shannon, James C. King, and Justin L. Jones, along with the law firms of Lightfoot, Franklin & White, LLC, The Cochran Firm, and King, Wiley, & Williams, LLC seek to withdraw as counsel for the non-compliant Plaintiffs. In support of the motion they argue that the *Lone Pine* CMO has put an unreasonable financial burden on counsel that they cannot bear due to the economic burden of universal sampling.

According to counsel, they informed the non-compliant Plaintiffs of this in a letter in April of 2016 and asked the non-compliant Plaintiffs to contribute to the cost of testing or that they would have no option but to withdraw as counsel. *See* Motion to Withdraw [104] at 3. They cite Rule 1.16 of the Mississippi Rules of Professional Conduct that states that a lawyer may withdraw from representing a client if "the representation will result in an unreasonable financial burden on the lawyer," as their authority to withdraw.

In this case, Plaintiffs and counsel have long been aware that there could be significant cost in bringing a mass tort case. *See* Order [60] at 6 (that "some costs are involved, should come as no surprise"). Counsel now seeks to withdraw as counsel for the non-compliant Plaintiffs on the basis of expense after the many extensions for compliance with the *Lone Pine* CMO [36]

12

have run. Plaintiffs' counsel moved to withdraw a little over two weeks *after* the September 9, 2016, *Lone Pine* deadline. *See* Motion [104]. Counsel was aware when making the motion, that these clients were at risk of being dismissed. *See* Order [75] at 5. Further, it is not clear what would be accomplished by allowing counsel to withdraw at this time. Withdrawal would leave before the Court not only hundreds of non-compliant Plaintiffs, but also hundreds of unrepresented Plaintiffs, as not one non-compliant Plaintiff has come forward with new counsel.

Even if the Court were to accept the cost of pursuing this matter as a reason to withdraw, there is little factual information of record to address this issue. Counsel provided the Court with a ballpark figure of the costs associated with this case, but nothing with any specificity, nor did counsel provide any information regarding the resources available to the attorneys and firms involved. *See* [104] at 13.

Likewise, the Court is provided with little insight as to the fee and expense arrangement with the clients. If the arrangement with the clients is a contingency fee, that "the case may not generate the return [that Counsel] expected at the outset" is not good cause for leave to withdraw. *See Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 427 (D.N.J. 1993) (Attorney not granted leave to withdraw as he knowingly assumed the risk that contingency arrangement with Plaintiff would not match the initial prediction of costs and returns.).[20] Accordingly, if not otherwise rendered moot by a dismissal of the claims of the non-compliant Plaintiffs, the undersigned finds a lack of good cause to grant the Motion to Withdraw [104] and recommends it be denied.

---

[20] According to counsel, they told the non-compliant Plaintiffs that in light of this Court's rulings, that "their claims presented too much financial risk to pursue." *See* [108] at 2.

13

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the claims of those Plaintiffs who have not complied with the *Lone Pine* CMO [36] be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 41(b). A chart of those Plaintiffs who have not complied with the *Lone Pine* CMO [36] is docketed at [104-1]. Further, the undersigned recommends that the Motion to Withdraw [104] be denied.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 3rd day of January, 2017.

s/ Michael T  Parker
United States Magistrate Judge